# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RUBIN RURIE WEEKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-CV-31 NAB |
| | ) |
| ST. MARY'S HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of *pro se* plaintiff Rubin Rurie Weeks, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. For the reasons stated below, the motion will be denied and this case will be dismissed.

### Three Strikes Rule: 28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). *In forma pauperis* status is not a right, it is a privilege granted by the Court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir.1983) ("the decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court.").

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), this Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Section 1915(e)(2) also allows this Court to dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992). An action is duplicative if the parties, issues, and available relief do not significantly differ between two actions. *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted

so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## Background

On February 13, 2019, plaintiff filed the instant complaint in this Court, seeking relief pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and state law. Plaintiff named as defendants: St. Mary's Hospital; two doctors employed at the Hospital (Jeff Lehmen and Kevin Huffman); the risk manager of the Hospital (Julie Henley); two Hospital security officers (Unknown Flowers and Unknown Jennings); the Director of the Missouri Department of Corrections ("MDOC") (Anne Precythe); the prison health care (Corizon) Regional Medical Director (Dr. Thomas Bredeman); and multiple John and "Jone" Doe defendants. Plaintiff brings suit against defendants in both their individual and official capacities, except Precythe who is sued in her official capacity only.

All of plaintiff's claims arose from events that followed a spine surgery plaintiff had at St. Mary's Hospital on February 14, 2017, while he was incarcerated with the MDOC. In summary, plaintiff claims that MDOC correctional officers assaulted and used excessive force on him when they transported him from the hospital back to the prison after the surgery. According to plaintiff, the Hospital and its defendant employees (Drs. Lehmen and Huffman, risk manager Henley, and security officers Flowers and Jennings) knew about the abuse and did nothing as part of a conspiracy with Precythe and Bredeman to deprive him of adequate medical care and to cover up the abuse. Plaintiff also alleges that the Hospital, risk manager Henley, and security officers Flowers and Jennings failed to protect him and violated his right to equal protection. He argues that the failure to protect him, as a disabled person, violated the ADA. Once back at the prison, plaintiff alleges that he was denied timely follow-up medical care and treatment

3

following the spine surgery, in violation of both the Eighth Amendment and the ADA. Finally, plaintiff asserts a state law claim of negligence. He seeks injunctive and monetary relief.

About two years before the filing of this suit, on January 27, 2017, plaintiff filed a complaint in this Court against seven Corizon prison medical staff defendants. *See Weeks v. Birch, et al.*, No. 1:17-CV-22-AGF (E.D. Mo. Jan. 27, 2017) (hereafter "*Weeks I*"). The Court appointed counsel for plaintiff in that matter and plaintiff's counsel filed the currently pending operative Second Amended Complaint on April 11, 2018. *Weeks I*, ECF No. 98. In that amended complaint, plaintiff names twenty-three defendants, including two of the same defendants named in this matter (Precythe and Bredeman). There, as here, three of plaintiff's claims stem from events that occurred following his spine surgery in February 2017. In summary, he alleges defendant MDOC correctional officers used excessive force on him when transporting him from the hospital back to the prison following his surgery. He also asserts that prison medical staff defendants failed to provide him timely follow-up medical treatment after his spinal surgery. Finally, he includes a state law negligence claim against prison medical defendants. In *Weeks I*, plaintiff also seeks injunctive and monetary relief. As of the date of this Order, *Weeks I* remains pending as to twenty-two of the defendants. It is currently scheduled for mediation this month and for trial in January 2020.

## Discussion

### I. *Three Strikes Dismissal*

Review of this Court's files reveals that plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g). *See Weeks v. Copeland, et al.*, No. 1:94-CV-38 (E.D. Mo. Mar. 15, 1994) (dismissed June 6, 1994, as frivolous); *Tyler, et al. v. Carnahan, et al.*, No. 4:95-CV-449-CAS (E.D. Mo. Mar. 10, 1995) (dismissed Jan. 29, 1996, for failure to state a claim); *Weeks, et al. v. Carnahan, et al.*, 4:95-CV-1597-CEJ (E.D. Mo. Aug. 28, 1995) (dismissed Dec. 11, 1995, as

4

frivolous).[1] Because of these three strikes, this case is subject to dismissal. Plaintiff may not bring this action *in forma pauperis* unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Plaintiff makes no such argument in the complaint. In fact, the majority of his allegations relate to medical treatment and abuse received over two years ago, in February 2017.

## II. *Duplicative Litigation*

In addition to being subject to dismissal under the three strikes rule, the complaint here does not survive initial review under 28 U.S.C. § 1915(e)(2). Having carefully reviewed and liberally construed the complaint, the Court concludes that the parties, issues, and available relief do not significantly differ between the instant case and *Weeks I*. *See I.A. Durbin, Inc.*, 793 F.2d at 1551 (general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions). While plaintiff has added defendants who were not named in *Weeks I*, and added the ADA as an additional avenue of relief on his claims, this does not change the fact that the issues he raises here are directly related to the issues in *Weeks I*. It appears that all plaintiff's claims could be addressed in *Weeks I*. Furthermore, plaintiff has the benefit of appointed counsel in the *Weeks I* matter. In the interest of conservation of judicial resources, all claims relating to the same issue should be brought in one matter.[2]

---

[1] The Court recognizes that the dismissals occurred prior to the 1996 enactment of the Prison Litigation Reform Act, or PLRA. Pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g). The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA are to be counted in determining whether a prisoner has accumulated three strikes and therefore may no longer prosecute a claim *in forma pauperis*. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of the plaintiff's pre-PLRA claims in determining his number of strikes).

[2] The Court warns plaintiff of the risk of damaging his *Weeks I* case with the filing of potentially contradictory allegations in this matter. For example, in this matter, plaintiff alleges that "Doctors Lehmen and Huffman being the specialists, told Corizon that Mr. Weeks did not need any follow appointments or any assistant devices to walk." ECF No. 1 at 9. But, in his amended complaint in *Weeks I*, plaintiff relies on the post-surgery orders of Dr. Lehmen

Upon initial review, the Court finds that the complaint here is subject to dismissal under the three strikes rule, 28 U.S.C. § 1915(g), and also because it is duplicative of *Weeks I*. *See Aziz*, 976 F.2d 1158 (Under § 1915(e)(2), the Court may dismiss a duplicative complaint that raises issues that are directly related to issues in another pending action brought by the same party).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file exhibits [ECF No. 7] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

A separate Order of Dismissal will be entered this same date.

Dated this 9th day of April, 2019.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

– which included that plaintiff be returned to the hospital for a *follow-up examination* – to argue that prison medical staff did not provide adequate medical treatment following his surgery. *Weeks I*, ECF No. 98 at ¶¶ 53-58 (emphasis added). In *Weeks I*, plaintiff relies on the validity of Dr. Lehmen's post-operative medical instructions to argue deliberate indifference by prison medical staff. However, in this matter, plaintiff alleges that Dr. Lehmen provided inadequate post-operative care.