UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RUBIN RURIE WEEKS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-CV-31 RLW |
| | ) |
| ST. MARY'S HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of *pro se* plaintiff Rubin Rurie Weeks. After initial review of plaintiff's complaint in this matter, the Court found it subject to dismissal under the three strikes rule, 28 U.S.C. § 1915(g), and as duplicative of another currently pending complaint that plaintiff has before this Court. Now, plaintiff seeks to alter or amend the Court's dismissal under Federal Rule of Civil Procedure 59 and/or to correct the judgment under Rule 60. Plaintiff has also filed a motion to disqualify the Honorable Stephen N. Limbaugh, Jr. from this matter. Plaintiff's request for disqualification of Judge Limbaugh Jr. will be denied, as he is not the judge presiding over this case. However, as requested by plaintiff in his motion to amend or correct, the dismissal of this matter will be reconsidered by a different district court judge. Nevertheless, for the reasons discussed below, the motion to amend or correct the judgment will be denied.

### Background

On February 13, 2019, plaintiff filed the instant complaint in this Court, seeking relief pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and state law. Plaintiff named as defendants: St. Mary's Hospital; two doctors

employed at the Hospital (Jeff Lehmen and Kevin Huffman); the risk manager of the Hospital (Julie Henley); two Hospital security officers (Unknown Flowers and Unknown Jennings); the Director of the Missouri Department of Corrections ("MDOC") (Anne Precythe); the prison health care (Corizon) Regional Medical Director (Dr. Thomas Bredeman); and multiple John and "Jone" Doe defendants. Plaintiff brought suit against defendants in both their individual and official capacities, except Precythe who was named in her official capacity only.

All of plaintiff's claims arose from events that followed a spine surgery plaintiff had at St. Mary's Hospital on February 14, 2017, while he was incarcerated with the MDOC. In summary, plaintiff claims that MDOC correctional officers assaulted and used excessive force on him when they transported him from the hospital back to the prison after the surgery. According to plaintiff, the Hospital and its defendant employees (Drs. Lehmen and Huffman, risk manager Henley, and security officers Flowers and Jennings) knew about the abuse and did nothing as part of a conspiracy with Precythe and Bredeman to deprive him of adequate medical care and to cover up the abuse. Plaintiff also alleged that the Hospital, risk manager Henley, and security officers Flowers and Jennings failed to protect him and violated his right to equal protection. He argued that the failure to protect him, as a disabled person, violated the ADA. Once back at the prison, plaintiff alleged that he was denied timely follow-up medical care and treatment following the spine surgery, in violation of both the Eighth Amendment and the ADA. Finally, plaintiff asserted a state law claim of negligence. He sought injunctive and monetary relief.

About two years before the filing of this suit, on January 27, 2017, plaintiff filed a complaint in this Court against MDOC and Corizon defendants. *See Weeks v. Birch*, No. 1:17-CV-22-AGF (E.D. Mo. Jan. 27, 2017) (hereafter "*Weeks I*"). The Court appointed counsel for plaintiff in that matter and plaintiff's counsel filed the currently pending Second Amended

Complaint on April 11, 2018. *Weeks I*, ECF No. 98. In the second amended complaint, plaintiff names twenty-three defendants, including two of the same defendants named in this matter (Precythe and Bredeman). There, as here, three of plaintiff's claims stem from events that occurred following his spine surgery in February 2017, including claims of "Use of Excessive Force During Transportation from Hospital to JCCC" and "Refusal to Provide Timely Follow up Treatment After Surgery." In summary, plaintiff alleges in *Weeks I* that defendant MDOC correctional officers used excessive force on him when transporting him from the hospital back to the prison following his surgery and that Corizon prison medical staff defendants failed to provide him timely follow-up medical treatment after his spinal surgery. Finally, he includes a state law negligence claim against prison medical defendants. In *Weeks I*, plaintiff also seeks injunctive and monetary relief. As of the date of this Order, *Weeks I* remains pending as to twenty-two of the defendants. It is currently scheduled for trial in January 2020.

Upon initial review of plaintiff's complaint in this matter, the Court found it subject to dismissal under the Three Strikes Rule, 28 U.S.C. § 1915(g), and also subject to dismissal as being duplicative of *Weeks I*. ECF Nos. 8 & 9. Although this case was randomly assigned to U.S. Magistrate Judge Nannette A. Baker upon case opening under Local Rule 2.08, the dismissal order was signed by U.S. District Judge Stephen N. Limbaugh, Jr. because full consent of the parties had not been received. *See* 28 U.S.C. § 636. However, on June 4, 2019, Judge Baker recused herself from this matter and the case was reassigned to U.S. District Court Judge Ronnie L. White. ECF Nos. 15 & 16.

**Motion to Disqualify the Honorable Stephen N. Limbaugh, Jr. (ECF No. 13)**

Plaintiff argues that Judge Limbaugh's review of this case is unfair because Judge Limbaugh presided over plaintiff's criminal conviction in state court which resulted in plaintiff's

3

current incarceration. *See State v. Weeks*, No. 32R059101115-01 (32nd Jud. Cir. Feb. 13, 1992). Plaintiff alleges that Judge Limbaugh "was involved in the forced plea negotiations" in his criminal case and that Judge Limbaugh is bias and prejudiced against him. ECF No. 11 at 1. Plaintiff asks that his case be "referred to another district judge for review under section 1915e." *Id.* at 7. Plaintiff elaborates on these recusal and disqualification arguments in his motion to alter or amend, but also in a separately filed "Motion to Disqualify." ECF No. 13.

A review of the Court's docket reveals that Judge Limbaugh did recuse himself from plaintiff's currently pending case, *Weeks I*, on October 20, 2017. However, recusal or disqualification of Judge Limbaugh in this matter is unnecessary, as he is not the assigned judge to this case. Therefore, to the extent plaintiff seeks an order of disqualification of Judge Limbaugh in this matter, such request is denied. However, in consideration of Judge Limbaugh's previous recusal in *Weeks I* and the recent reassignment of this matter by the Court, a different district court judge will consider plaintiff's motion to alter or amend the judgment.

### Motion to Alter or Amend the Judgment (ECF No. 11)

Plaintiff seeks reconsideration of the Court's dismissal order under both Federal Rules of Civil Procedure 59 and 60(b). After reviewing the dismissal order signed by the Honorable Stephen N. Limbaugh, Jr. and the arguments made by plaintiff in his motion to alter or amend, the Court finds that plaintiff's motion should be denied.

*Legal Standard*

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited,

4

however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

*Plaintiff's Arguments*

The first half of plaintiff's motion discusses past litigation, health problems, the allegations of his complaint, and his history with Judge Limbaugh Jr., in an attempt to reargue the merits of his case. ECF No. 11 at 1-6. Plaintiff relies on Rule 60(b)(4) to assert that Judge Limbaugh's bias in this case makes the dismissal ruling void. *Id.* at 7. Again, as discussed

5

above, all of plaintiff's arguments concerning Judge Limbaugh's involvement in this matter are now moot, as the dismissal is being reconsidered by a different district court judge.

Next, plaintiff asserts that the Three Strikes Rule should not result in dismissal of his complaint. First, plaintiff asserts that he is under "imminent danger of serious physical injury," arguing that defendants have not provided proper follow-up treatment after his February 2017 surgery and alleged assault at the hands of MDOC correctional officers. Second, plaintiff argues that he does not have three strikes. Plaintiff admits that he filed *Weeks v. Copeland*, No. 1:94-CV-28-JMB (E.D. Mo. March 15, 1994) which resulted in a jury verdict for defendants, but he asserts that he "never filed two Weeks v. Copeland cases" (thereby denying that he filed *Weeks v. Copeland*, No. 1:94-CV-38 (E.D. Mo. Mar. 15, 1994)). As for the two other cases cited by the Court as strikes, plaintiff argues that the cases were filed by other prisoners using his name but that he never signed the filings and he never requested *in forma pauperis* status in the cases.

Finally, plaintiff asserts that the dismissal order is void under Rule 60(b) because his complaint raises valid claims and because his case in *Weeks I* is "not harmed or made frivolous by the claims" raised in this matter. ECF No. 11 at 10. Plaintiff seems to be making an argument against the Court's finding that this case is duplicative of the pending case *Weeks I*. However, in the 'Conclusion' section of the motion to amend, plaintiff requests that the Court consolidate this matter with *Weeks I*, and at one point in his motion, plaintiff states: "Accordingly, the Court has authority to [consolidate] this case with Weeks v Birch, supra to save the Court time and money and to protect Mr. Weeks from being time barred under the statute limitations rule." ECF No. 11 at 7.

6

*Discussion*

In general, plaintiff's motion is hard to follow and decipher with its numerous cases citations but little discussion or analysis as to how case precedents apply here. However, based on a liberal reading of plaintiff's motion, the Court finds that plaintiff has not identified any manifest errors of law or fact, nor has he presented any newly discovered evidence warranting reconsideration under Federal Rule of Civil Procedure 59(e). Plaintiff has also failed to establish exceptional circumstances warranting extraordinary relief pursuant to Federal Rule of Civil Procedure 60(b). Upon a complete review of the plaintiff's filings, the Court finds no reason to alter or amend its prior judgment.

*Three Strikes Rule: 28 U.S.C. § 1915(g)*

The Three Strikes Rule, 28 U.S.C. § 1915(g), limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001). *In forma pauperis* status is not a right, it is a privilege granted by the Court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) ("the decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court."). The only exception to the three strikes rule is if plaintiff is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In the Memorandum and Order entered on April 9, 2019, the Court found that plaintiff has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted.[1] *See Weeks v. Copeland*, No. 1:94-CV-38 (E.D. Mo.

---

[1] A cursory review of cases outside this Court indicates that plaintiff Weeks (inmate #184303) also had a case in the Western District of Missouri dismissed as frivolous or malicious under 28 U.S.C. § 1915. *See Weeks v. Callahan*, No. 2:95-CV-4205-SOW (W.D. Mo. June 1, 1995).

7

Mar. 15, 1994) (dismissed June 6, 1994, as frivolous) (hereafter "*Strike 1*"); *Tyler v. Carnahan*, No. 4:95-CV-449-CAS (E.D. Mo. Mar. 10, 1995) (dismissed Jan. 29, 1996, for failure to state a claim) (hereafter "*Strike 2*"); *Weeks v. Carnahan*, 4:95-CV-1597-CEJ (E.D. Mo. Aug. 28, 1995) (dismissed Dec. 11, 1995, as frivolous) (hereafter "*Strike 3*").[2]

Plaintiff argues first that he is under imminent danger of serious physical injury and therefore the exception to the Three Strikes Rule should apply. However, in support of this argument, plaintiff details the alleged lack of adequate medical treatment he received following his February 2017 surgery and assault. A prisoner seeking to file under the § 1915(g) exception is only eligible to proceed *in forma pauperis* if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to § 1915(g). *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Next, plaintiff (inmate number 184303) submits, in a verified pleading, that he did not file *Strike 1*. He also states that *Strike 2* and *Strike 3* were cases where he was one of multiple plaintiffs but that he did not request *in forma pauperis* status or sign any Court documents in those cases. ECF No. 11 at 9-10. The Court's review of these strike cases, which involved requesting archived documents from the Federal Records Center for pleadings filed prior to electronic case filing, contradicts plaintiff's verified filing. According to the Court's records, *Strike 1* was filed by Rubin R. Weeks with inmate number 184303 on March 15, 1994, and it was dismissed as frivolous on June 6, 1994. *Strike 2* was filed by multiple plaintiffs on March 10, 1995, but it contains a

---

[2] The Court recognizes that the dismissals occurred prior to the 1996 enactment of the Prison Litigation Reform Act, or PLRA. Pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of § 1915(g). The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA are to be counted in determining whether a prisoner has accumulated three strikes and therefore may no longer prosecute a claim *in forma pauperis*. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of the plaintiff's pre-PLRA claims in determining his number of strikes).

8

separately docketed motion to proceed *in forma pauperis* signed by Rubin R. Weeks, inmate number 184303, and had an attached financial affidavit. ECF No. 16. *Strike 2* was dismissed on January 29, 1996, prior to service of process, for failure to state a claim. ECF No. 134. *Strike 3* was filed by just two plaintiffs, including Rubin R. Weeks, inmate number 184303, on August 28, 1995. The first docketed filing in *Strike 3* is a motion to proceed *in forma pauperis* filed by Rubin Weeks, inmate number 184303, with an attached financial affidavit listing Week's family members as dependents. ECF No. 1. *Strike 3* was dismissed on December 11, 1995, as frivolous. ECF No. 8.

As plaintiff has submitted a verified pleading contesting these cases as his own, the Court must take plaintiff at his word.[3] However, this does not require amendment or alteration of the dismissal of this case. The Court finds that even if the Three Strikes Rule does not apply here, this case is still subject to dismissal as being duplicative of *Weeks I*.

*Duplicative Litigation*

Plaintiff's claims in this matter are all based on the allegedly abusive behavior of MDOC correctional officers, when they transported him from the hospital back to prison in February 2017, and the subsequent inadequate medical treatment he received. The same alleged facts are at issue in *Weeks I*, where plaintiff claims excessive force and refusal to provide timely follow-up treatment. Plaintiff seems to concede the duplicative nature of this matter with *Weeks I* when he asks for consolidation of the two cases. Also, it appears that the exhibits submitted by plaintiff in support of his complaint originated from his *Weeks I* case and/or his appointed counsel in that matter. *See* ECF Nos. 1-1 & 1-2.

---

[3] Because the Court is not relying on the Three Strike Rule for dismissal in this matter, plaintiff's motion to produce Court files for the cases that the Court counted as strikes (ECF No. 12), is essentially now unnecessary and moot. However, the Court will direct the Clerk of Court to send plaintiff the docket sheets for the relevant cases.

9

The Eighth Circuit has cited with approval an Eleventh Circuit case finding that the "general rule for determining duplicative litigation is whether parties, issues, and available relief do not significantly differ between two actions." *Patel v. Prince*, No. 07-1939, 2008 WL 1931236, at *1 (8th Cir. May 5, 2008) (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986)). While plaintiff has added defendants who were not named in *Weeks I*, and added the ADA as an additional avenue of relief on his claims, this does not change the fact that the issues he raises here are directly related to the issues in *Weeks I*. *See Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming 28 U.S.C. § 1915 dismissal on ground that "district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"). Furthermore, plaintiff has the benefit of appointed counsel in the *Weeks I* matter and has expressed his satisfaction with appointed counsel. *See* ECF No. 11 at 12 ("Allow attorney Kevin Schriener to continue to represent Mr. Weeks."). All claims relating to the same issue should be brought in one matter. The Court finds that the parties, issues, and available relief do not significantly differ between this action and *Weeks I*, therefore this case was properly dismissed upon initial review under 28 U.S.C. § 1915. Plaintiff's motion to amend or correct the judgment will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for alter or amend judgment [ECF No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for clerk to produce past files [ECF No. 12] is **GRANTED in part and DENIED in part**. The Clerk of Court shall send plaintiff the docket sheets for the following cases from this Court: 1:94-CV-28-LMB, 1:94-CV-38-SNLS, 4:95-CV-449-CAS, and 4:95-CV-1597-CEJ.

10

**IT IS FINALLY ORDERED** that plaintiff's motion to disqualify U.S. District Judge Stephen N. Limbaugh, Jr. [ECF No. 13] is **DENIED**.

Dated this \_\_\_11\_\_\_ day of June, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE